### SLOCUM *v.* SLOCUM.

*(Supreme Court, General Term, Second Department.　July 18, 1890.)*

APPEAL—REVIEW—HARMLESS ERROR.

　　The admission in evidence of a deposition in violation of Code Civil Proc. N. Y. § 882, which provides that the deposition of a person not a party shall not be read in evidence until it is proved that the witness is dead, or is absent from the state, so that his attendance cannot be compelled with reasonable diligence by subpœna, is harmless error when the witness subsequently testifies orally to the same facts as were returned in the commission.

Appeal from judgment on report of referee.

Action by Charles Slocum against Edward M. Slocum to recover for moneys expended, and work and materials furnished, upon premises which plaintiff alleged had been leased to him for one year by defendant. There was a judgment for plaintiff and defendant appeals. Code Civil Proc. N. Y. § 882, provides that the deposition of a person not a party shall not be read in evidence until it has been satisfactorily proved that the witness is dead, or is unable personally to attend by reason of his insanity, sickness, or other infirmity, or that he is confined in a prison or jail, or that he has been and is absent from the state so that his attendance could not with reasonable diligence be compelled by subpœna.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*G. & G. H. Williams,* for appellant.　*William Downing,* for respondent.

BARNARD, P. J.　The admission of the deposition of Ira Slocum was not proper. Code, § 882. The error did no harm. The witness whose deposition was taken was produced and testified orally before the referee to the same facts as were returned in the commission. The point in dispute was only whether the defendant rented the farm in question to the plaintiff or to the plaintiff's father, Ira Slocum. The plaintiff and Ira Slocum both testified to the renting to the plaintiff, and while the defendant wishes to state, and even does state, that the renting was to Ira Slocum, he virtually admits that Ira Slocum mentioned Charles in connection with the renting, and that the defendant cautioned his father, Ira Slocum, in respect to the plaintiff as an unreliable tenant. The plaintiff testifies to the hiring by himself. The defendant owned the farm, and ought to have the rent, and this fact supports the finding that the contract was really made by the owner to the party who was to pay rent to the owner for his use. The terms of the agreement are somewhat in dispute. The rent was to be $200, and $50 was to be abated if the tenant (plaintiff) made some wood into charcoal. The chief dispute arose as to the repair of certain buildings and appurtenances for a distillery. The plaintiff gave evidence to show that the lumber for this purpose, and the fixtures and labor other than his own, were to be paid for at cost. The witnesses vary in their testimony in this respect. The plaintiff and his father say that this work was to be repaid to the plaintiff, and the defendant testifies that the $50 was to include both making of charcoal and the repairs to the building. The finding of the referee is justified by the probabilities of the case. The repairs actually cost $379.98 apart from the plaintiff's own labor, and it is not a judicious inference that a tenant would bind himself to pay so

much in excess of the rent for the permanent betterment of the land upon a lease for one year only. The judgment should be affirmed, with costs. All concur.